IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORTHERN FOOD I/E, INC., <br><br> Plaintiff, <br><br> v. <br><br> LIN'S WAHA INTERNATIONAL CORP and JACKY LIN, <br><br> Defendants. | Case No. <br><br> COMPLAINT <br><br> Jury Trial Demanded |

Plaintiff Northern Food I/E, Inc. ("Plaintiff" or "Northern Food"), by and through its attorneys KEVIN KERVENG TUNG, P.C., for its Complaint against Defendants Lin's Waha International Corp. ("Lin's Waha") and Jacky Lin ("Lin") hereby alleges as below. Lin's Waha and Lin are collectively referred to herein as the "Defendants" and individually as the "Defendant."

## STATEMENT OF THE CASE

1. Plaintiff Northern Food is an importer, distributor and wholesaler of Asian food. It sells noodles, condiments, frozen food, bean products, sauce and pickles across America. Over the years, Northern Food has built an efficient customer network in the United States and accumulated considerable goodwill and reputations among its customers.

2. Plaintiff Northern Food is the exclusive distributor authorized by Beijing Liu Bi Ju Food Co., Ltd. ("Beijing Liu Bi Ju") for the products bearing the trademark of 居必六 (hereinafter the "Liu Bi Ju Mark") in the United States market. Beijing Liu Bi Ju is the owner of the common law trademark Liu Bi Ju Mark and has been selling the products under the Liu Bi Ju Mark in the United States market since January 1998. Beijing Liu Bi

1

Ju is well-known and distinctive for its sauce (yellow soybean paste and sweet soy sauce) and pickles. Beijing Liu Bi Ju has authorized Plaintiff to enforce its Liu Bi Ju Mark rights within the United States.

3. This action arises from Defendants' illegal importation and distribution of products bearing the Liu Bi Ju Mark. Even after Plaintiff requested Defendants to cease and desist, Defendants continue to infringe Plaintiff's trademark rights of the Liu Bi Ju Mark.

4. Defendants' actions constitute unfair competition, false designation of origin & false description under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and also constitute trademark infringement and unfair competition under the statutory and common laws of the State of New York. Therefore, Plaintiff seeks injunctive relief to restrain Defendants from using the Liu Bi Ju Mark and representing in any manner that any of Defendants' goods are affiliated, connected, sponsored, approved or otherwise associated with the Liu Bi Ju Mark; the impoundment and destruction of all such products in Defendants' possession, custody, or control; Plaintiff's actual damages and lost profits or statutory damages allowed by the trademark law; trebled damages; Plaintiff's costs; Plaintiff's attorney fees; and such other and further relief this Court may award.

## PARTIES

5. Plaintiff Northern Food is a corporation duly organized and existing under the laws of the State of New York and having its principal place of business located at 117 State Street, Westbury, New York 11590.

6. Upon information and belief, Defendant Lin's Waha is a corporation duly organized and existing under the laws of the State of New York and having its principal place of business located at 10 Ranick Dr. South, Amityville, NY 11701.

7. Upon information and belief, Defendant Lin is an individual, having an address of 10 Ranick Dr. South, Amityville, NY 11701 and is the owner and CEO of Lin's Waha, and therefore has the right and ability to control the actions of Lin's Waha.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction over Lanham Act claims asserted in this action under 15 U.S.C. § 1121, 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

9. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 for substantial and related claims brought under the statutory and common law of the State of New York.

10. Defendants are subject to the Court's personal jurisdiction because they have committed the acts complained of herein in this District and do business in this District and Defendant Lin's Waha is a New York company and the individual Defendant Lin also resides in this District.

11. Defendants are subject to the jurisdiction of this Court pursuant to and in accordance with Rule 4 of the Federal Rules of Civil Procedure.

12. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because both of the Defendants are residents of and are domiciled in the State of New York and both of the Defendants do business in and/or have substantial contacts with and/or may be found in the Eastern District of New York and a substantial portion of the events at issue have arisen and/or will arise in this judicial district.

## FACTUAL ALLEGATIONS

A. **Plaintiff's Trademark Rights in the "Liu Bi Ju Mark"**

13. Plaintiff Northern Food is an importer, distributor and wholesaler of Asian food. It sells noodles, condiments, frozen food, bean products, sauce and pickles across America. Over the

3

years, Northern Food has built an efficient customer network in the United States and accumulated considerable goodwill and reputations among its customers.

14. One of Northern Food's featured products is the sauce and pickles distributed under the trademark of Liu Bi Ju.

15. The Liu Bi Ju Mark is owned by Beijing Liu Bi Ju, Beijing Liu Bi Ju is a well-known Chinese corporation with a principle place of business located at No. 8 Bei Li Shi Road, Xicheng District, Beijing 100044 China.

16. Plaintiff Northern Food is the exclusive distributor of Beijing Liu Bi Ju to distribute the sauce and pickles products under the Liu Bi Ju Mark in the market of the United States.

17. Since as early as January 1998, the Liu Bi Ju Mark has been used as a trademark in U.S. commerce in connection with the sauce and pickles products. Northern Food has used Liu Bi Ju Mark as a trademark in U.S. commerce under an exclusive distribution and authorization agreement (the "Agreement") with Beijing Liu Bi Ju.

18. Northern Food, as exclusive distributor, has used, advertised, promoted, distributed and sold sauce and pickles products under the Liu Bi Ju Mark in interstate commerce in the United States.

19. Images of Northern Food's products bearing the Liu Bi Ju Mark are attached hereto as **Exhibit A**.

20. Northern Food enjoys significant annual sales of sauce and pickles advertised, distributed and sold in connection with the Liu Bi Ju Mark.

21. Northern Food spends a substantial amount of money to advertise and promote the products in connection with the Liu Bi Ju Mark.

22. As a result of Northern Food's expenditures and efforts, the Liu Bi Ju Mark has come to signify the high quality of the sauce and pickles designated by the Liu Bi Ju Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Northern Food and Beijing Liu Bi Ju.

### B. Defendants' Misconducts

23. Upon information and belief, during the relevant time, Defendants imported and distributed the sauce and pickles products within this judicial district using an exact or closely similar mark (the "Accused Mark") to the Liu Bi Ju Mark.

24. Images of Defendants' infringing products bearing the Accused Mark are attached hereto as **Exhibit B** (the "Infringing Products").

25. Defendants have no association with Northern Food or Beijing Liu Bi Ju and have never been authorized by Northern Food or Beijing Liu Bi Ju to use the Accused Mark in the U.S. market.

26. At all relevant times, Lin is the service of process agent for Lin's Waha; he was and has been Lin's Waha's CEO; he has a leadership role in Lin's Waha, overseeing its board of directors and managing its staffs; he made key decisions regarding the direction of Lin's Waha, including business development, strategic planning, and sales operations; and he directed Lin's Waha's importation of the Infringing Products from China and distribution of the Infringing Products to New York and other states of the United States. And upon information and belief, Lin is also the owner and principal of Lin's Waha.

27. Under the directions of Lin, Lin's Waha imported large quantities of the Infringing Products from China and distributed them to supermarkets or retailers in the State of New York. Under the direction of Lin, Lin's Waha also imported the infringing products directly from China and distributed them to retailers in other states.

5

28.     Defendants' use of the Accused Mark in connection with the sauce and pickles related products is likely to cause confusion or mistake or to deceive the consuming public into believing that Defendants are affiliated, connected, sponsored, approved, or otherwise associated with Northern Food or Beijing Liu Bi Ju.

29.     Defendants are importing and distributing products bearing the Accused Mark that are intended only for sale in Chinese domestic market, and the distribution of which is not authorized by Beijing Liu Bi Ju and is strictly prohibited by the exclusive distribution agreement between Northern Food and Beijing Liu Bi Ju.

30.     In addition, Defendants' Infringing Products are materially different from the sauce and pickles products sold by Northern Food in the U.S. market to the extent that the packaging and labeling of the Infringing Products contain additional information, the distributor's names identified in the products' packaging are different, and the exclusive distributor's information is missing on the Infringing Products, and that the labeling of the Infringing Products does not meet the FDA standards.

31.     Defendants' Infringing Products are also materially different from the sauce and pickles products sold by Northern Food in the U.S. market to the extent that the Infringing Products did not go through the Chinese government's inspection and quarantine procedures, which are required for legal exportation of any products manufactured in China.

32.     Northern Food advised Defendants in a letter dated January 15, 2024 (the "Letter") that Defendants' use of the Accused Mark infringed Northern Food's rights and demanded that Defendants cease and desist using the Accused Mark. A true and correct copy of the Letter is attached hereto as **Exhibit C**.

33.     Defendants failed to respond to the Letter and have continued to use the Accused Mark in violation of Northern Food and Beijing Liu Bi Ju's trademark rights.

34.     Upon information and belief, Defendants are using the Accused Mark in an attempt to trade on the enormous goodwill associated with the Liu Bi Ju Mark.

35.     Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Northern Food and Beijing Liu Bi Ju's prior rights in the Liu Bi Ju Mark, and Defendants have used and are using the Accused Mark to identify and attract attention to Defendants' goods and business and to interfere with and disrupt the business and operations of Northern Food and Beijing Liu Bi Ju in the United States commerce.

36.     Northern Food has suffered irreparable injury as a direct and proximate result of Defendants' wrongful importation and distribution of the sauce and pickles products bearing the Accused Mark.

37.     Northern Food has no adequate remedy at law.

38.     Defendants' unlawful acts will undoubtedly persist without judicial intervention. As such, Defendants must be restrained and enjoined from further violating Northern Food and Beijing Liu Bi Ju's well-established rights in and to the Liu Bi Ju Mark.

39.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT ONE

## Unfair Competition, False Designation of Origin & False Description
### (15 U.S.C. § 1125(a) )

40. Plaintiff hereby realleges and incorporates by reference all prior allegations as though fully set forth herein.

41. Defendants' importation, sale, offering for sale, distribution, or advertising of goods bearing the Accused Mark constitutes use in commerce of false designations of origin and false and misleading descriptions and representations that Defendants' Infringing Products are affiliated with, sponsored by, authorized or approved by, or is otherwise associated with Northern Food or Beijing Liu Bi Ju despite the fact that they are not. As a result of Defendants' use of the Accused Mark, the public is likely to be misled and confused as to the source, sponsorship, or affiliation of Defendants' Infringing Products.

42. Defendants' importation, sale, offering for sale, distribution, or advertising of goods bearing the Accused Mark constitutes unfair competition as it is intended to cause confusion and deceive consumers and trades upon the established reputation and goodwill of Northern Food.

43. Defendants' conduct is willful, intended to reap the benefit of Northern Food's established goodwill, and violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), all to the severe detriment of Northern Food.

44. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

45. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT TWO**

**Deceptive Trade Practices**
**(N.Y. General Business Law §349)**

46. Plaintiff hereby realleges and incorporates by reference all prior allegations as though fully set forth herein.

47. By reason of the acts and practices set forth above, Defendants have and are engaged in deceptive trade practices or acts in the conduct of a business, trade or commerce, or furnishing of goods in violation of §349 of the New York General Business Law.

48. The public is likely to be damaged as a result of the deceptive trade practices or acts engaged in by the Defendants.

49. Unless enjoined by the Court, Defendants will continue said deceptive trade practices or acts, thereby deceiving the public and causing immediate and irreparable damage to the Defendants. Plaintiff has no adequate remedy at law.

**COUNT THREE**

**Common Law Unfair Competition**

50. Plaintiff hereby realleges and incorporates by reference all prior allegations as though fully set forth herein.

51. Defendants' activities, as alleged above, constitute unfair competition with Plaintiff, all of which has caused and will continue to cause irreparable injury to Plaintiff's goodwill and reputation unless enjoined by this Court. Plaintiff has no adequate remedy at law.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues so triable by right.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court order the following relief:

A. Enjoining Defendants, jointly and severally, and each of their officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors and assigns and all persons acting on behalf or at the direction of, or in concert or participation with, each of them, and any entity owned or controlled in whole or in part by any of the Defendants from:

    i. Using the Accused Mark or any mark that is confusingly similar to the Liu Bi Ju Mark in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product or the provision of any goods or services;

    ii. Applying to register or registering in the United States Patent and Trademark Office, or in any state trademark registry, any mark consisting in whole or in part of the Liu Bi Ju Mark, or consisting in whole or in part of any simulation, reproduction, copy, colorable imitation or confusingly similar variation of the Liu Bi Ju Mark or otherwise taking any other action designed to give Defendants any claim of rights in or to the Liu Bi Ju Mark or any similar mark;

    iii. Representing in any manner that any of Defendants' goods are affiliated, connected, sponsored, approved or otherwise associated with Plaintiff, or vice versa;

    iv. Taking any other action likely to cause confusion, mistake or deception as to the source or origin of Defendants' goods or of Plaintiff's goods;

    v. Taking any other action constituting trademark infringement or unfair competition with Plaintiff; and

        vi.      Instructing, assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph (i) through (v) above.

B.      Requiring Defendants to deliver to Northern Food for destruction all unauthorized materials bearing any of the Accused Mark in association with the Infringing Products and the means for production of same pursuant to 15 U.S.C. § 1118.

C.      Requiring Defendants to pay to Northern Food such damages for all of Defendants' profits derived from their unlawful conduct and/or Northern Food's lost profits from sales of genuine goods due to Defendants' conduct, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. § 1117(a).

D.      Ordering that Defendants compensate Northern Food for the costs of this action, reasonable attorneys' fees, investigative fees and pre-judgment interest according to 15 U.S.C. § 1117(b).

E.      Directing that this Court retain jurisdiction of this action for the purpose of enabling Northern Food to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

F.      Ordering that pursuant to 11 U.S.C. § 523(a)(6), Defendants be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful and fraudulent injury to Northern Food.

G.      Awarding to Northern Food such other and further relief as the Court may deem just and proper, together with the costs and disbursements that Northern Food has incurred in connection with this action.

Dated: Queens, New York
      April 2, 2024

                                             KEVIN KERVENG TUNG, P.C.
                                             *Attorneys for Plaintiff*

                                             By: Kevin K. Tung, Esq.
                                             Queens Crossing Business Center
                                             136-20 38th Avenue, Suite 3D
                                             Flushing, NY 11354
                                             (718) 939-4633

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that the foregoing document is being filed on this 2nd day of April, 2024, via the Court's CM/ECF filing system, which will serve a copy electronically on all counsel of record.

Dated: Queens, New York
      April 2, 2024

                                             KEVIN KERVENG TUNG, P.C.
                                             *Attorneys for Plaintiff*

                                             By: Kevin K. Tung, Esq.
                                             Queens Crossing Business Center
                                             136-20 38th Avenue, Suite 3D
                                             Flushing, NY 11354
                                             (718) 939-4633